UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY LEE BROWN,

        Petitioner,

                           CASE NO. 09-12936

v.

                           HON. MARIANNE O. BATTANI

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER OF DISMISSAL

Before the Court is petitioner Johnny Lee Brown's habeas corpus petition under 28 U.S.C. § 2254. The petition challenges the execution of Brown's federal sentence. Because Brown is not entitled to the relief he seeks, his petition will be dismissed.

**I. BACKGROUND**

The habeas petition alleges that, on January 21, 2007, Brown was arrested and taken into state custody on a charge of fleeing and eluding the police. At the time, Brown was serving a term of supervised release as a result of a federal conviction. See United States v. Brown, No. 06cr20610-1 (E.D. Mich. Dec. 14, 2007). On August 22, 2007, Petitioner pleaded guilty in Wayne County Circuit Court to third-degree fleeing and eluding the police, Mich. Comp. Laws § 257.602a(3), and on September 5, 2007, the state court sentenced Brown to imprisonment for one to five years.

About a month later, federal officials lodged a detainer against Petitioner, and on December 10, 2007, Brown appeared before this Court on a charge that he violated the conditions of supervised release by committing another crime. On December 14, 2007,

the Court revoked Brown's term of supervised release and sentenced him to twenty months in federal prison. The Court ordered the federal sentence to run consecutively to Brown's state sentence.

Brown subsequently was returned to state custody. He alleges that his one-year minimum sentence on the state charge expired on January 21, 2008, one year after he was arrested. On July 21, 2009, he was paroled from his state sentence and taken into federal custody for service of his federal sentence.

On July 24, 2009, Petitioner filed the pending habeas corpus petition pursuant to 28 U.S.C. § 2254.[1] The case was randomly assigned to the Honorable Gerald E. Rosen, who presided over Petitioner's federal criminal case. The case was then reassigned to this Court as a companion to the case charging Brown with violating the terms of supervised release.

## II. DISCUSSION

Brown seeks to have his federal sentence of twenty months begin running on January 21, 2008, when he became eligible for release on his state sentence. He claims that he would have finished serving his federal sentence by now if it had begun to run on January 21, 2008. In the alternative, Brown seeks release on medical grounds because his son is "in dire need of a kidney." Pet. at unnumbered page 3.

Brown was a state prisoner when he signed and submitted his habeas corpus petition for filing with the Clerk of the Court, but he is challenging the execution of his federal sentence. The habeas petition was prematurely filed. Brown should have

---

[1] The petition was signed on July 20, 2009, while Brown was still in state custody.

waited until he became a federal prisoner and then exhausted federal administrative remedies for his claims, Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 231 (6th Cir. 2006), and filed his habeas petition under 28 U.S.C. § 2241, United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991).  However, because Brown's claims have no merit, the Court will excuse the procedural errors and proceed to address the claims.

Under 28 U.S.C. § 2241(c)(3) and 28 U.S.C. § 2254(a), Brown must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  He has failed to satisfy this standard.  The problem with Brown's request to have his federal sentence run from January 21, 2008, is that a federal sentence does not begin to run until the inmate is taken into federal custody.  Leal v. Tombone, 341 F.3d 427, 428 (5th Cir. 2003) (quoting 18 U.S.C. § 3585(a)).  Brown was not released from state custody and taken into federal custody until July 21, 2009.  Furthermore, consecutive sentences are constitutional, United States v. Sutton, 216 Fed. Appx. 555, 556 (6th Cir. 2007) (citing United States v. Colbert, 977 F.2d 203, 207 (6th Cir. 1992)), and the Court had the authority to make Brown's federal sentence run consecutively to his state sentence. Colbert, 977 F.2d at 207; United States v. Ballard, 6 F.3d 1502, 1506-07 (11th Cir. 1993).

Brown's alternative request for release from custody on medical grounds is denied because he has no constitutional right to a furlough, Groppi v. Bosco, 208 Fed. Appx. 113, 115 (3d Cir. 2006), and no entitlement to a furlough under the federal regulations, Karacsonyi v. Radloff, 885 F. Supp. 368, 370 (N.D. N.Y. 1995).  Furthermore, attachments to the habeas petition indicate that Brown was approved for testing as a potential donor before he was arrested on state charges.  He has not

3

shown that he was approved as a kidney donor for his son.

### III. CONCLUSION

Brown is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). Accordingly, the Court summarily **DISMISSES** the application for a writ of habeas corpus. Brown's motion to have Chief United States District Judge Gerald E. Rosen recuse himself from this case is **DENIED** as moot because the habeas petition was reassigned from Chief Judge Rosen to this Court on October 9, 2009.

>                         s/Marianne O. Battani
>                         MARIANNE O. BATTANI
>                         UNITED STATES DISTRICT JUDGE

Dated: October 19, 2009


### CERTIFICATE OF SERVICE

Copies of this order were mailed to Petitioner on this date by ordinary mail and/or electronic filing.

>                         s/Bernadette M. Thebolt
>                         Deputy Clerk